[No. 33061.   Department Two.   August 25, 1954.]

THE STATE OF WASHINGTON, *on the Relation of P. H. Bullock, Plaintiff,* v. J. E. STONE, *as Judge of the Superior Court for Cowlitz County, Respondent.*[1]

*Hallin & Hallin,* for relator.

*Joe L. Johnson,* for respondent.

*The Attorney General, Donald E. Watson,* and *A. J. Hutton, Jr., Assistants,* for intervener state of Washington.

*Ronald Moore, Jerome Walstead,* and *Willard Walker,* for intervener Byram.

PER CURIAM.—This is an action for a writ of prohibition, to prevent the auditor of Cowlitz county from placing the name of A. D. Byram on the ballot in the 1954 primary or general election as a candidate for justice of the peace in Kelso precinct in that county, and to prevent the county canvassing board from canvassing any votes cast in his behalf.

The issue involved is the right of an individual who is not a lawyer to be a candidate for the position of justice of the peace in a city having a population of five thousand or more.   Section 2 of chapter 156, Laws of 1951, requires that justices of the peace in such cities shall be "attorneys at law duly admitted to practice in this state."   Chapter 74, Laws of 1951, requires that justices of the peace in such cities shall be "attorneys at law, duly admitted to practice in the supreme court of the state."

The trial court held that both chapter 74 and § 2 of chapter 156 of the Laws of 1951 are unconstitutional, and refused to grant the writ of prohibition.   The effect of that decision is to permit a nonlawyer to be a candidate for justice of the peace in a city having a population of five thousand or more.

The matter comes before us on a writ of certiorari issued August 17, 1954, and was heard before five members of this court on August 23, 1954.   To affirm the trial court would require a holding that chapter 74 and § 2 of chapter 156 of the Laws of 1951 are unconstitutional, which might well involve a holding that all parts of chapter 156 not heretofore declared unconstitutional in *Manus v. Snohomish County Justice Court Dist. Committee,* 44 Wn. (2d) 893, 271 P. (2d) 707 (1954), are likewise unconstitutional.   Such an action should not be taken by less than a majority of the court.   As the five judges who heard this matter on August 23, 1954, are not unanimous in their views, the issue of constitutionality should not be determined except after an *En Banc* hearing.

As the ballots for the 1954 primary election have already been printed, or will be within the next few days, a portion of the controversy will be

[1] Reported in 273 P. (2d) 892; 279 P. (2d) 439.

moot before a rehearing *En Banc* is possible. Such a rehearing on any phase of the relief requested which is not then moot can be arranged if the record is properly supplemented.

[*En Banc.* January 27, 1955.]

PER CURIAM.—The results of the primary election held September 14, 1954, rendered moot all the issues raised by the order of the superior court for Cowlitz county entered August 12, 1954, which the relator, P. H. Bullock, sought to have reviewed in this court on the writ of certiorari heretofore issued herein. The writ therefore is quashed.